OPINION OF THE COURT
Carol H. Arber, J.
Approximately one year ago, plaintiff Milton Gelman sued the same defendant, District Council 1707 Health & Insurance Fund, in Small Claims Court to recover funds he expended for physical therapy under his medical insurance coverage. The decision by Judge Helen Freedman held that plaintiff had sustained his burden of proving that the physical therapy program came within the coverage of the contract.
Once again this year, plaintiff sues for funds expended for physical therapy and as with everything else, this year’s bill is slightly higher than last year’s. Again, the defendant claims that plaintiff is not entitled to such payment, this year claiming it has made changes in the contract which exclude this coverage.
Defendant argues that at a meeting of trustees in June, 1983 (shortly after Mr. Gelman won his case) the trustees voted to exclude therapy offered by “Fitness Centers” and also voted to pay Mr. Gelman pursuant to the court decision without appealing.
Defendant also argued that plaintiff was notified of the changes in coverage by a summary of benefits. However, *221 the document is not dated and defendant was not able to establish when it was circulated. Plaintiff stated that he had not received a copy until after he filed his claim for coverage for this year.
In support of his claim Mr. Gelman submitted a letter from his physician, Dr. Gerald Weintraub indicating that Mr. Gelman is undergoing treatment for “hypertensive cardiovascular disease.” The treatment consists of a three-pronged program, one part of which is a program at a fitness center. Plaintiff also submitted a copy of his claim form dated October 14, 1983.
Plaintiff argued that the contract provides on page 21 in paragraph 7 that the “Employer agrees to provide coverage on an individual basis for the agreed-upon Major-Medical Plan carried through the Health & Insurance Fund of D.C. 1707.”
Based on this provision, it seems clear that such individual treatment would include a “fitness program.” In any event, there was no dispute as to the medical necessity for the treatment that has been prescribed by plaintiff’s physician. Defendant could have appealed the court award of payment last year and declined to do so, thereby recognizing and accepting this as part of plaintiff’s individual treatment under the contract. The failure of defendant to appeal the decision as to coverage for physical therapy as awarded last year, indicates an acceptance of its obligation to plaintiff on a continuing basis. This court need not consider whether the contract has been validly changed with respect to other employees, but it is clear that defendant is obligated to cover this expense as to plaintiff.
During the trial of this matter, defendant’s witness stressed a number of times that it is a not-for-profit corporation. Given that fact, it seems logical that it should be concerned less for profit than for the welfare of its employees who make sacrifices to work in the nonprofit sector.
Judgment for plaintiff in the amount of $636 (80% of the $795 expenses for physical therapy).